UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. TYRAN,

        Plaintiff,                              Case No. 1:07-cv-393

v.                                                  Honorable Richard Alan Enslen

TROY BENOIT et al.,

        Defendants.
_____/

### REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed because Defendants Palus and Stapleton are immune and Plaintiff fails to state a claim against any of the Defendants.

**Discussion**

I.  Factual allegations

Plaintiff is incarcerated in the Bellamy Creek Correctional Facility (IBC). He sues the following IBC employees: Sergeants Troy Benoit and Donald Wise, Hearings Administrator Richard Stapleton and Hearings Officer (unknown) Palus.

Plaintiff's complaint concerns a misconduct conviction. On January 21, 2005, Defendant Benoit wrote a major misconduct against Plaintiff for "assault resulting in serious physical injury." The misconduct report stated in part:

> On above time and date prisoner Thornton #238584 pushed his Emergency Response Button requesting staff. RUO S. Miller reported to the cell where prisoner Thornton claimed that prisoner Tyran #247161 HU2-203B had hit him with a right fist to the left cheek bone. Prisoner Thornton was removed from the cell at this time. Prisoner Thornton was brought to Housing Unit Two Sergeants office where he repeated the incident to myself. Based on the fact that prisoner Thornton does have a red mark on his left cheek bone under the eye and pushed the Emergency Response Button for staff assistance I believe that prisoner Thornton was struck by prisoner Tyran. Prisoner Tyran #247161 was escorted to Housing Unit 8 without further incident.

(1/21/05 Major Misconduct Report, docket #1.) Defendant Palus conducted the major misconduct hearing on January 27, 2005. Plaintiff claimed that he did not strike prisoner Thornton and that the mark on his cheek was self-inflicted. Defendant Palus gave the following reasons for finding Plaintiff guilty of the offense:

> The evidence shows the prisoner was assigned to 2-203B. He became angry and struck his cell mate Prisoner Thornton #238584 in the left cheek with his right fist causing an injury to the face of Thornton. Prisoner Thornton immediately pressed the emergency button and reported the incident. The officer and sergeant saw the injury to the face or Thornton. Therefore the prisoner did engage in an attack on another prisoner with his first. The fact that he struck the other prisoner with his fist demonstrates he was angry and he intended to cause an injury which would require medical attention. The fact he caused the injury means he succeeded in his intention.

> The sergeant, the officer and the prisoner victim all describe different parts of the same incident in a consistent manner. The photograph verifies the injury which was inflicted by the prisoner. There is no evidence showing the witness would state the prisoner struck the victim resulting in the injury for any reason other than that is what occurred. For these reasons I rely on the statements and the photograph to the reach the decision in this case.
>
> The defense is not convincing since the injury to the face of Thornton does appear to be from a fist blow to the face and not a mark made in attempt to feign injury. Further the second prisoner witness agrees that Thornton had not done anything to the prisoner prior to the incident.

(1/27/05 Major Misconduct Hearing Report, docket #1). Plaintiff was sentenced to thirty days of detention, also called punitive segregation. MICH. DEP'T. OF CORR., Policy Directive 03.03.105D. Plaintiff contends that after his release from punitive segregation, he spent an additional 120 days in administrative segregation as the result of his misconduct conviction. Plaintiff's request for rehearing was denied by Defendant Stapleton. Plaintiff appealed his misconduct conviction in the Ingham County Circuit Court. See MICH. CT. R. 7.105(J). On February 13, 2006, the circuit court found that the agency's decision was not supported by competent, material and substantial evidence on the record as a whole because there was no evidence that the assault resulted in "serious physical injury," i.e., injury requiring medical treatment.

Plaintiff claims that he was "flagrantly wronged" by Defendants. He seeks monetary damages of $15,000 from each of the Defendants, which is $100 for each day that he spent in segregation.[1]

---

[1] Under Michigan law, a prisoner typically loses good-time credits for the month of his major misconduct disciplinary conviction. See MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated credits in certain cases. Id. Plaintiff does not allege that he lost good-time credits as a result of the conviction, nor does he request the restoration of any good-time credits. If Petitioner sought restoration of good-time credits, he would be required to file a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 484, 493 (1973) (a challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983).

  II. <u>Immunity</u>

As an initial matter, Plaintiff may not maintain an action for monetary damages against Hearings Officer Palus and Hearings Administrator Stapleton. The Sixth Circuit, recognizing that a Michigan hearings officer has adjudicatory functions spelled out by statute in the nature of an administrative law judge, has held that hearings officers are entitled to absolute judicial immunity in relation to actions within the officer's authority. *Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988); MICH. COMP. LAWS §§ 791.251-255. *See also Williams v. McGinnis*, Nos. 02-1336, 02-1837, 2003 WL 245352, at *2 (6th Cir. Jan. 31, 2003) (recognizing that Michigan's prison hearings officers are entitled to absolute immunity); *Thompson v. Mich. Dep't of Corr.*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) (same); *Gribble v. Bass*, No. 93-5413, 1993 WL 524022, at *2 (6th Cir. Dec. 16, 1993) (same). Because Plaintiff's allegations against Palus and Stapleton concern actions taken within their official authority, they are entitled absolute immunity. For the reasons set forth below, Plaintiff also fails to state a claim against all of the named Defendants.

  III. <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff does not allege a violation of a specific constitutional right, but construing his complaint liberally, his allegations could implicate the Fourteenth Amendment Due Process Clause and the Eighth Amendment.

Plaintiff claims that he was wrongfully charged and convicted of a major misconduct charge. As a result of the misconduct conviction, he was placed in punitive segregation for thirty days and then spent an additional 120 days in administrative segregation. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 486 (1995). Under various circumstances, the Sixth Circuit has repeatedly found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones v. Baker*, 155 F.3d 910, 812-13 (6th Cir. 1998) (two years of segregation while inmate was investigated for murder of prison guard in riot); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (inmate serving life sentence was placed in segregation after serving thirty days of detention for misconduct conviction of conspiracy to commit assault and battery); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997) (one year of segregation after inmate was found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding); *see also Bennett v. Smith*, 110 F. App'x 633, 634-35 (6th Cir. 2004) ("Placement in administrative segregation does not give rise to a protected liberty interest because it does not constitute an atypical and significant hardship on the inmate."); *Underwood v. Luoma*, 107 F. App'x 543, 545 (6th Cir. 2004) ("This court has

repeatedly held that placement in administrative segregation does not constitute an atypical and significant hardship on the inmate.") *But cf. Wilkinson v. Austin*, 545 U.S. 209, 221-24 (2005) (placement in "supermax" facility sufficiently atypical to implicate due process). Plaintiff fails to make any allegations that the conditions of his segregation were "atypical and significant." Consequently, the Court finds that no liberty interest was implicated by Plaintiff's placement in segregation for 150 days.

Plaintiff also fails to state an Eighth Amendment claim. The Eighth Amendment prohibits any punishment which violates the civilized standards of humanity and decency, or involves the unnecessary and wanton infliction of pain. *See Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To prove an Eighth Amendment violation, an inmate must show that he has been deprived of the minimum civilized measures of life's necessities. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Because placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment claim. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The mere fact that Plaintiff was placed in segregation, with nothing more, is insufficient to state an Eighth Amendment claim. *See Lacey v. Mich. Dep't of Corr.*, No. 95-1097, 1995 WL 564301 (6th Cir. Sept. 21, 1995) (placement in detention did not violate Eighth Amendment); *Eaddy v. Foltz*, No. 85-1419, 1985 WL 14065 (6th Cir. Dec. 18, 1985) (whether an Eighth Amendment claim is stated for placement in segregation depends upon severity or pervasiveness of conditions). Plaintiff has not alleged that his time in punitive or administrative segregation was more severe than the typical conditions of segregation. Accordingly, I find that he fails to state an Eighth Amendment claim.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e(c), because Defendants Palus and Stapleton are immune and Plaintiff fails to state a claim against any of the Defendants. Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Date:  July 5, 2007                                      /s/ Ellen S. Carmody
                                                         ELLEN S. CARMODY
                                                         United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).