UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID J. TYRAN, JR.,

       Plaintiff,

v.

TROY BENOIT, *et al.*,

       Defendants.
_____/

Case Nos. 1:07-CV-393

Hon. Richard Alan Enslen

**JUDGMENT**

    This matter is before the Court on Plaintiff David J. Tyran, Jr.'s Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation ("Report") of July 5, 2007, which recommends dismissing Plaintiff's Complaint for failure to state a claim and for the reason that two Defendants are immune from suit. This Court reviews the Report, Plaintiff's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

    Plaintiff objects to the Magistrate Judge's Report for the reason that he believes his rights were violated under the Eighth and Fourteenth Amendments. Despite Plaintiff's unsupported assertion, the Court can find no error in the Report. Plaintiff contends he spent a total of 150 days in punitive and administrative segregation after being found guilty of a major misconduct. However, Plaintiff's Complaint fails to state a claim under the Fourteenth Amendment as inmates do not have a protected liberty interest in prison disciplinary proceedings *unless* the restraint is an "atypical and significant" hardship. *Sandin v. Conner*, 515 U.S. 472, 486 (1995); *see also Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998) (holding two years of segregation was not atypical and significant); *Bennett v. Smith*, 110 F. App. 633, 634-35 (6th Cir. 2004) (unpublished decision) ("Placement in administrative segregation does not give rise to a protected liberty interest because it does not constitute an atypical and significant hardship on the

inmate"). As a result, Plaintiff's segregation of 150 days does not implicate a liberty interest and his Complaint fails to set forth a viable claim under the Fourteenth Amendment. Accordingly, Plaintiff's objection fails. Plaintiff's claim under the Eighth Amendment suffers a similar fate "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To state a claim under the Eighth Amendment, an inmate must establish he was deprived of the minimum civilized measures of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Plaintiff's claim of spending 150 days in segregation without any accompanying allegations of atypical or severe treatment fails to rise to this level of deprivation. *See Lacey v. Mich. Dep't of Corr.*, No. 95-1097, 1995 WL 564301 (6th Cir. Sept. 21, 1995) (unpublished decision). Therefore, Plaintiff's objection is denied.[1] Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff David J. Tyran, Jr.'s Objections to the Report and Recommendation (Dkt. No. 5) are **DENIED**, the Report and Recommendation (Dkt. No. 4) is **ADOPTED**, and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Court certifies that an appeal from this action would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that dismissal of this action will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

DATED in Kalamazoo, MI:   /s/ Richard Alan Enslen  
    August 20, 2007   RICHARD ALAN ENSLEN  
                                SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court notes Plaintiff does not to object to the Report's finding that Defendants Palus and Stapleton are entitled to absolute judicial immunity in relation to actions within an hearings officer's authority. *See Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988); MICH. COMP. LAW §§ 791.251-255.